RAMIRO MORALES, #167947
Email:  rmorales@mfrlegal.com
CANON T. YOUNG, #189142
Email:  cyoung@mfrlegal.com
MORALES FIERRO & REEVES
2151 Salvio Street, Suite 280
Concord, CA  94520
Telephone:  (925) 288-1776
Facsimile:   (925) 288-1856

Attorneys for Plaintiff
KINSALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>    vs.<br><br>US SPECIALTY INSURANCE COMPANY<br><br>       Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND CONTRIBUTION**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff KINSALE INSURANCE COMPANY alleges as follows:

**JURISDICTION AND VENUE**

1.     Plaintiff KINSALE INSURANCE COMPANY ("Plaintiff" or "Kinsale") was and is a corporation organized under the laws of the State of Arkansas whose principal place of business is located in Richmond, Virginia.  Kinsale is an eligible surplus lines insurer in the state of California.

2.     Defendant US SPECIALTY INSURANCE COMPANY ("Defendant" or "USSIC") was and is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas, and thus is a citizen of Texas, which was and is licensed to do business in California.

3. There is complete diversity between the parties in that this is a matter in which Plaintiff and Defendant are citizens of different states. This court then has diversity jurisdiction over this lawsuit under 28 U.S.C. Section 1332.

4. The amount in controversy, exclusive of interest and costs, is in excess of the sum of Seventy-Five Thousand Dollars ($75,000). Specifically, the amount in controversy in this action is the amount which Plaintiff has paid and contends USSIC owes for post-tender fees and costs to defend Concrete Asphalt Services ("CAS").

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. Section 1391(b)(2) because the subject matter of the underlying action giving rise to this case, which is an insurance coverage dispute, is located in Los Angeles County, California. The subject matter of the underlying action is the Shoreham Towers, a condominium development located at 8787 Shoreham Drive, West Hollywood, California (the "Project"). Venue is further proper as the underlying action, an arbitration proceeding with ADR Services, Inc. ("Underlying Action"), is in Los Angeles, Los Angeles County.

## GENERAL ALLEGATIONS

6. This insurance coverage dispute involves questions regarding the duty to defend and amounts owed for not previously defending CAS in response to the Underlying Action.

7. The Underlying Action alleges that CAS entered into an agreement with the Shoreham Towers Homeowners' Association ("Shoreham") pertaining to construction (renovations and upgrades) of various areas at the Project. Shoreham alleges that the negligence of the defendants and cross-defendants in that action resulted in construction defects and property damage at the Project.

8. In the Underlying Action, CAS brought a cross-complaint against numerous parties, including Cruz Construction and Landscape Inc. ("Cruz Construction"). CAS alleges that it entered into a contract with Cruz Construction ("CAS-Cruz Subcontract") and the other cross-defendants pertaining to the

construction and work at the Project that includes but is not limited to concrete work. The Underlying Action thus includes allegations of construction defects and/or property damage caused in part by Cruz Construction.

9. The CAS-Cruz Subcontract also required Cruz Construction to maintain commercial general liability insurance and to name CAS as an additional insured on Cruz Construction's insurance for claims arising out of Cruz Construction's work at the Project. In addition, the CAS-Cruz Subcontract called for the insurance provided by Cruz Construction to be primary and non-contributory. Attached hereto as Exhibit 1 is a true and correct copy of the CAS-Cruz Subcontract.

10. Kinsale issued liability policy no. 0100094299-0, ("Kinsale Policy") under which CAS is a named insured.

11. Kinsale agreed to and is defending CAS pursuant to the Kinsale Policy in the Underlying Action under a reservation of rights and continues to incur defense fees and costs in an exact amount to be proven at trial, but in excess of the minimum jurisdiction limit for this court.

12. USSIC issued policy(ies) including, but not limited to, policy No. U19AC112176-00, effective April 9, 2019 to April 9, 2020, to Cruz Construction ("USSIC Policy"). The USSIC Policy includes CAS as an additional insured and the coverage owed to CAS is primary and non-contributory.

13. USSIC accepted the defense of Cruz Construction in the Underlying Action and is defending Cruz Construction in the Underlying Action because there is a potential for coverage triggering its duty to defend its insured.

14. CAS tendered its defense in the Underlying Action to USSIC as an additional insured under the policies issued to Cruz Construction because the Underlying Action alleges damages because of property damage arising from an occurrence caused in whole or in part by Cruz Construction's work on the Project for CAS thereby triggering USSIC's defense duty under the USSIC coverage grant. Attached as Exhibit 2 is a true and correct copy of the USSIC Policy.

COMPLAINT

15. USSIC denied the tender of CAS of the Underlying Action as an additional insured on the USSIC policy by mispresenting and misinterpreting policy terms. Attached as Exhibit 3 is a true and correct copy of USSIC's coverage denial letters.

16. Kinsale requested that USSIC reconsider its wrongful denial, but USSIC continues to refuse to defend CAS.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief – Duty to Defend)**

17. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of this cause of action are based.

18. Plaintiff contends, pursuant to the USSIC policy referenced above, that USSIC has a duty to defend CAS in connection with the Underlying Action in connection with the USSIC Policy, but failed and refuses to do so. USSIC contends otherwise.

19. By reason of the foregoing, an actual controversy exists between the parties, which requires a declaratory judgment of this court in substantially the following form: USSIC is obligated to defend CAS in connection with damages arising out of the work of Cruz Construction at the Project under the USSIC policy referenced above, but failed to fulfill its duty, and must therefore defend CAS going forward and reimburse Plaintiff for the attorney's fees and costs that Plaintiff inequitably incurred in defending CAS in connection with damages arising out of the work at the Project.

20. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties, and obligations under the insurance policies.

4

COMPLAINT

## SECOND CAUSE OF ACTION
### (Contribution)

21. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs, on which the allegations of this cause of action are based.

22. As a result of the claims against CAS in the Underlying Action, Plaintiff has been and will be required to incur defense fees and costs which are the sole and primary obligation of USSIC. As a consequence of USSIC's refusal to defend CAS, Plaintiff has been compelled and will be compelled to pay more than its fair, legal, contractual and/or equitable share of the fees and costs with respect to the defense of CAS in the Underlying Action.

23. Plaintiff further alleges that as a result of the claims in the Underlying Action, which include an alleged occurrence(s) of "property damage," the policies issued by USSIC provide an obligation to defend CAS on a primary and non-contributory basis with respect to the Underlying Action, and reimburse Plaintiff for all amounts that it has and will incur. Therefore, because of USSIC's obligations, Plaintiff should be reimbursed for all amounts that it has and/or will incur.

24. If it is determined that the respective policies issued by USSIC provide an obligation to defend CAS with respect to the Underlying Action, and as alleged herein, Plaintiff is entitled to reimbursement from USSIC of all defense fees and costs paid on behalf of CAS.

WHEREFORE, Plaintiff prays for judgment against USSIC as hereinafter set forth.

## PRAYER FOR RELIEF

1. For a declaration and determination that USSIC owes a current and ongoing obligation to defend CAS in connection with the Underlying Action;

2. For a declaration and determination that USSIC owes an obligation to reimburse Plaintiff for defense fees and costs incurred on behalf of CAS in connection with the Underlying Action;

5

COMPLAINT

3. For a determination that Plaintiff is entitled to complete reimbursement and contribution from USSIC for defense amounts incurred and/or paid by Plaintiff on behalf of CAS in the Underlying Action;

4. For a determination of the amount of reimbursement and contribution that Plaintiff is entitled to recover from USSIC for defense amounts incurred by Plaintiff on behalf of CAS in the Underling Action;

5. For monetary damages according to proof at trial;

6. For interest;

7. For all other relief the court deems just and proper.

Dated: September 1, 2022                    MORALES FIERRO & REEVES

By:  */s/ Ramiro Morales*
    Ramiro Morales
    Canon T. Young
    Attorneys for Plaintiff KINSALE INSURANCE COMPANY

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff KINSALE INSURANCE COMPANY hereby demands trial by jury.

Dated: September 1, 2022   MORALES FIERRO & REEVES

By: */s/ Ramiro Morales*
Ramiro Morales
Canon T. Young
Attorneys for Plaintiff KINSALE INSURANCE COMPANY

COMPLAINT